Attachment A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FILED

FEB 1 3 2023

U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

Carlos Espinal, #83760-053 )
Federal Correctional Institution-Hazelton )
P.O. Box 5000 )
Bruceton Mills, WV 26525 , )
(Full name under which you were convicted, )
prison number, place of confinement, and )
full mailing address) )
 )
 )
 Petitioner, )
 vs. )
 )
Warden H.L. Ray , )
(Name of Warden or other authorized person )
where you are incarcerated) )
 )
 Respondent. )

Petition for Habeas Corpus
Pursuant to 28 U.S.C. § 2241

Civil Action No. 5:23-CV-45
(to be assigned by Clerk)

Bailey, Mazzone, Rubenstein

Important notes to read before completing this form:

★   Please read the entire petition before filling it out. Answer only those questions which pertain to your claim(s).

---

1.   This petition concerns (check the appropriate box):

    ☐   a conviction
    ☐   a sentence
    ☐   jail or prison conditions
    ☐   prison disciplinary proceedings
    ☐   a parole problem
    ☒   other, state briefly: Petitioner is unlawfully confined in FBOP custody due to the FBOP failing to "apply" First Step Act Credits (330 days) toward petitioner's projected release date.

Attachment A

2. Are you represented by counsel?   ☐ Yes   ☒ No
   If you answered yes, list your counsel's name and address: __N/A__

3. List the name and location of the court which imposed your sentence:
   __Southern District of New York__

4. List the case number, if known: __Case 1:19-CR-00622-DLC__

5. List the nature of the offense for which the sentence was imposed:
   __21 U.S.C. §846, 21 U.S.C. §841(b)(1)(A)__

6. List the date each sentence was imposed and the terms of the sentence:
   __Date Sentenced/Probation Imposed: 8/6/2020; Sentence Imposed: 60 months; Term of Supervision: 5 years__

7. What was your plea to each count? (Check one)

   ☒ Guilty
   ☐ Not Guilty
   ☐ Nolo Contendere

Attachment A

8. If you were found guilty after a plea of not guilty, how was that finding made?

☐ A jury
☐ A Judge without a jury
☐ A Magistrate Judge without a jury

9. Did you appeal from the judgment of conviction or imposition of the sentence?

☐ Yes   ☒ No

10. If you did appeal, give the following information for each appeal:

   A. Name of Court: N/A
   B. Result: N/A
   C. Date of Result: N/A
   D. Grounds raised (List each one): N/A

   Note: if you filed an appeal in more than one court, attach an additional sheet of paper of the same size and give all of the information requested in Question 10, A through D.

11. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal? This is called a post-conviction pleading.

   ☐ Yes   ☒ No

   If your answer was yes, complete the following sections:

   A. First post-conviction proceeding:
      1. Name of Court: N/A

Attachment A

2. Nature of Proceeding: N/A
3. Grounds Raised: N/A
4. Did you receive an evidentiary hearing? ☐ Yes ☐ No
5. Result: N/A
6. Date of Result: N/A

B. Second post-conviction proceeding:
1. Name of Court: N/A
2. Nature of Proceeding: N/A
3. Grounds Raised: N/A
4. Did you receive an evidentiary hearing? ☐ Yes ☐ No
5. Result: N/A
6. Date of Result: N/A

C. Did you appeal to the result of the post conviction proceeding(s) to the highest court having jurisdiction?
1. First proceeding: ☐ Yes ☐ No Result: N/A
2. Second proceeding: ☐ Yes ☐ No Result: N/A

D. If you did not appeal the adverse result of the post-conviction proceeding(s), explain briefly why not: N/A

12. For your information, the following is a list of the most frequently raised grounds for relief in applications for habeas corpus pursuant to 28 U.S.C. §2241. You may raise any grounds which you may have other than those listed. However, in this application, you should raise all available grounds on which you base your petition. **Do not check** any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. **The petition will be returned to you if you merely check one or more of the grounds:**

A. U.S. Parole Commission unlawfully revoked my parole.
B. Federal Bureau of Prisons unlawfully computed my sentence.

Attachment A

C.  Federal Bureau of Prisons unlawfully denied me credit for time served in state or federal prison.
D.  Federal Bureau of Prisons or State prison system unlawfully revoked my good time credits.
E.  There is an unlawful detainer lodged against me.
F.  I am a citizen and resident of a foreign country and I am in custody for an act which I had a right to commit under the laws of my country.
G.  The act for which I was convicted is no longer considered to be a crime, and I cannot raise this issue in a §2254 petition or a §2255 motion.

**CAUTION: if you fail to set forth all of the grounds in this petition at this time, you may be barred from presenting additional grounds at a later date.**

State clearly every ground on which you are seeking relief. Summarize briefly the facts supporting each ground. If necessary, attach a total of five (5) typed or ten (10) neatly printed pages maximum for all grounds and all attachments.

A.  Ground one: Federal Bureau of Prisons unlawfully denied me "application of" First Step Act (FSA) Time Credits, which in conjunction denies me of a federal statutory created liberty interest that will result into my immediate release from Federal Bureau of Prisons custody.

Supporting facts: tell your story briefly without citing cases or law. You are cautioned that you must state facts, not conclusion, in support of your grounds. A "rule of thumb" to follow is this: who did exactly what to violate your rights at what time and place).
Federal Bureau of Prisons Officials, according to my FSA Time Credit Assessment sheet dated 1/19/2023, continued to deny me the application of 380 days (FSA Time Credits), which I am entitled to, towards my projected release date of November 24, 2023. See Exhibit 1. I'm eligible

B.  Ground two:

Supporting Facts:

to earn FSA Time Credits commencing from 11-20-2020 to 1-19-2023. I have been a minimum recidivism risk level throughout five (5) risks and needs assessment periods. I've been either on the waitlist or successfully participating in recommended Evidence-Based Recidivism Reduction (EBRR) programs and Productive Activities (PAs) during the aforemention dates (11-20-20 up to the current date). In addition, I am sentenced to a term of imprisonment pursuant to a conviction for a Federal criminal offense 21 USC Section 846 - 21 USC section 841(b)(1)(A), which is not a disqualifying offense of conviction that prohibits me from earning, or have FSA Time Credits towards my projected release date.

However, the Federal Bureau of Prisons (FBOP) is unlawfully denying me the application of my earned FSA Time Credits because I have a detainer for Immigration and Customs Enforcement (ICE) pending. The First Step Act does not prohibit me from earning or having my 330 days applied to my projected release date. Evidently, I am still in FBOP custody, and I am not currently subject to a final order of deportation.

Basically, with my entitled 330 FSA days applied to my projected release date; 11-24-2023, this will adjust this projected release date approximately 30 plus day pass my release. Therefore, this presently makes me entitled to immediate release from FBOP custody, and immediately released to the custody of ICE.

Attachment A

_____
_____
_____
_____
_____

Supporting facts:

_____
_____
_____
_____
_____

C. Ground three:

_____
_____
_____
_____
_____

Supporting facts:

_____
_____
_____
_____
_____

D. Ground four:

_____
_____
_____
_____
_____

Attachment A

Supporting facts:

_____
_____
_____
_____
_____

13. Were all of the above grounds presented to another court, state or federal? If not, state which grounds were not presented. If yes, state the name of the court, date of decision, and the nature of the outcome: **N/A**

14. If this petition concerns prison disciplinary proceedings, a parole problem, computation of sentence, or other case under 28 U.S.C. § 2241, answer the following questions:

    A. Did you present the facts in relation to your present petition in the prison's internal grievance procedure?

    ☑ Yes    ☐ No

    1. If your answer to "A" above was yes, what was the result: I submitted an Informal Resolution (BP-8) in the middle of the month of January, the N Unit Manager had five (5) working days to respond or inform me of their intentions to request an extension, however the N-Unit Manager has not responded to my grievance in nearly 30 days. See Exhibit A.

Attachment A

2. If your answer to "A" above was no, explain:
N/A

B. If you are a federal prisoner, did you present your claim to the Bureau of Prisons or other federal agency for administrative action?

☑ Yes  ☐ No

1. If your answer to "B" above was yes, what was the result:
I'm currently awaiting a response from the administration (BP-9 Request for Administrative Remedy).

2. If your answer to "B" above was no, explain:
N/A

15. Relief: State here, as briefly as possible, exactly what you want the court to do for you:

1. Make **no** legal arguments.
2. Cite **no** cases or statutes.

I'm humbly requesting that this Court please order the FBOP to "apply" my earned 330 days to my projected release date, and immediately release me to the custody of ICE. In addition, I am respectfully asking that the Court please excuse the exhaustion of the administrative remedies procedure because: (1) available remedies provide no genuine opportunity for adequate relief, (2) irreparable injury may occur without immediate judicial relief, and (3) administrative appeal would be futile.

Attachment A

16. If a previous motion to vacate or modify a prisoner's sentence, pursuant to Section 2255, was not filed, or if such a motion was filed and denied, the reasons why Petitioner's remedy by way of Section 2255 is inadequate or ineffective to test the legality of the detention.

Petitioner never filed a 2255 motion, and at this present date where petitioner is 80 plus days beyond his release, if the FBOP apply petitioner's 330 days of FSA Time Credits toward petitioner's projected release date, the 2241 is the only adequate remedy under these specific circumstances.

Signed this __02__ day of __05__, __2023__.
            (day)          (month)      (year)

_____
Your Signature

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state), under penalty of perjury, that the foregoing is true and correct.

Date of Signature: __2/05/2023__   _____
                                                     Your Signature